IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER PAUL IWANICKI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.** | : | **NO. 08-cv-0314** |

**MEMORANDUM AND ORDER**

On January 2, 2008, prisoner Christopher Paul Iwanicki filed a document in the United States District Court for the Western District of Pennsylvania which he styled as being a "Bill of Review." For some reason that this court (the Eastern District of Pennsylvania) does not understand, the Western District of Pennsylvania incorrectly re-characterized this said Bill of Review on January 15, 2008 as being a petition seeking habeas corpus relief; also on that date, the Western District of Pennsylvania transferred the matter to this court (the Eastern District of Pennsylvania). In accordance with, and reliance on, the Western District of Pennsylvania's Order of January 15, 2008, this court incorrectly opened this matter as a petition seeking habeas corpus relief, rather than as a Bill of Review, when it arrived in this court's Clerk's Office on January 17, 2008. On January 25, 2008, this court Ordered Iwanicki to re-file his "habeas corpus petition" using this court's current standard 28 U.S.C. §2254 form.

On February 6, 2008, Iwanicki submitted to the Eastern District of Pennsylvania court a submission in which he vigorously stated that he wished to file a "Bill of Review," (as is his right) and not a habeas corpus petition. Our review of the material filed in the Western District of Pennsylvania on January 2, 2008 clearly indicates that Iwanicki intended to file a Bill of Review (as is his right), and not a habeas corpus petition. In accord with Iwanicki's stated request, we will herewith re-characterize the document at

1

the heart of this matter as being a Bill of Review, and not a habeas corpus petition.  In accord with clearly established law, we will also herewith dismiss this Bill of Review with prejudice.

Iwanicki's Bill of Review attacks his state court conviction and/or sentence on the basis of alleged "fraud," alleged "perjury," alleged "inadmissible testimonial hearsay," and alleged "manufactured evidence."  These are clearly claims that Iwanicki's rights under the Fifth and Fourteenth Amendments to the United States Constitution have been violated by the Pennsylvania state courts, for which relief is theoretically available pursuant to 28 U.S.C. §2254.[1]  We note once more, however, that Iwanicki insists that he has filed a Bill of Review (as is his right), and not a habeas corpus petition.  Bills of Review are a request for a type of relief that was available historically in our nation's state and federal courts; however, relief by means of a bill of review is no longer available to litigants in ***any*** type of ***civil*** (i.e. non-criminal) proceeding in federal courts, pursuant to the express and specific language of Federal Rule of Civil Procedure 60(e).  Attacks in federal court on the Constitutionality of a state court conviction and/or

---

[1] We note that Iwanicki also claims that he is actually innocent and that he has newly discovered evidence; it is impossible to determine from what Iwanicki has submitted whether the claims of actual innocence he has made are constitutional or not.  In situations where there is a **non-constitutional** claim of actual innocence based on newly discovered evidence in cases growing out of state custody, there is no right to relief in federal courts, and the proper remedy lies in filing a petition with the state's Governor seeking executive clemency.  Herrera v. Collins, 506 F.3d 390 (1993).  Even though it was decided before the advent of AEDPA (28 U.S.C. §§2241-2266) in 1996, Herrera remains valid law.  Lambert v. Blackwell, 2003 WL 1718511 (ED Pa. 2003).  Accord, Noel v. Norris, 322 F.3d 500 (8th Cir. 2003); Caro v. Calderon, 162 F.3d 1167 (9th Cir. 1998); Alley v. Key, 431 F.Supp. 2d 790 (WD Tenn. 2006); Jackson v. Straub, 309 F.Supp. 2d 952 (ED Mich. 2004).  Where there is a **constitutional** claim of actual innocence based on newly discovered evidence in cases growing out of state custody, relief may possibly, perhaps, be available pursuant to 28 U.S.C. §2254.  Fielder v. Varner, 379 F.3d 113 (3rd Cir. 2004).  However, whereas Iwanicki vigorously insists that his filing in 08-cv-0314 is not a habeas corpus case, this court will not, at this point in time consider, this possibility.

Iwanicki also talks about an alleged "miscarriage of justice," but this argument, standing alone, is too vague for this court to seriously consider.

sentence are considered to be *__civil__* actions, and not criminal actions.[2]  Because they are civil actions, the Federal Rules of Civil Procedure apply to these cases.[3]  It therefore logically follows that Federal Rule of Civil Procedure 60(e) applies to state prisoners who seek relief from custody in federal court by filing a Bill of Review, and that such a form of relief may therefore not be granted in this federal court.

Accordingly, this                                Day of March, 2008, it is hereby **ORDERED** as follows.

1. 08-cv-0314 is to be immediately re-characterized by this court, for all purposes, as seeking relief by means of a Bill of Review pursuant to 28 U.S.C. §1651, and not as seeking relief pursuant to any of the habeas corpus statutes (particularly 28 U.S.C. §2254).

2. Iwanicki's Bill of Review is **DISMISSED WITH PREJUDICE**.

3. The Clerk of this Court shall mark 08-cv-0314 as **CLOSED** in this court for all purposes, including statistics.

                    **S/ J. CURTIS JOYNER**
                    **J. CURTIS JOYNER, U.S. District Judge**

---

[2] Woodford v. Ngo, 548 U.S. 81 (2006); Mayle v. Felix, 545 U.S. 644 (2005); Parrot v. Government of the Virgin Islands, 230 F.3d 615 (3rd Cir. 2000); Palma v. U.S. Department of Alcohol, Tobacco and Firearms, 228 F.3d 323 (3rd Cir. 2000).

[3] US v. Craycraft, 167 F.3d 451 (8th Cir. 1999); Hauck v. Mills, 941 F.Supp. 683 (M.D. Tenn. 1996).